UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEVERLY BUTLER | CIVIL ACTION |
| VERSUS | NO: 13-3934 |
| GEOVERA SPECIALTY INSURANCE CO. | SECTION: "A" (3) |

## ORDER REMANDING CASE FOR LACK OF JURISDICTION

Before the Court is a **Rule 12(c) Motion for Judgment (Rec. Doc. 7)** filed by Defendant, GeoVera Specialty Insurance Co. ("GeoVera"). Plaintiff Beverly Butler opposes the motion. The motion, scheduled for submission on June 19, 2013, is before the Court on the briefs without oral argument.[1]

Plaintiff initiated this suit in state court against GeoVera seeking to recover for property damage sustained during Hurricane Isaac. GeoVera is alleged to have issued a homeowner's policy covering the damage at issue. Plaintiff claims that GeoVera has failed to pay what it owes under the policy. Plaintiff seeks payment of her damages under the terms of the policy, as well as statutory penalties and attorney's fees under Louisiana law. GeoVera removed the suit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. 1446, alleging diversity jurisdiction.

Federal courts have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if jurisdiction is lacking. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (*citing* Fed. R. Civ. P. 12(h)(3); *In re Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981)); 28 U.S.C.A. § 1447(c) (West 2006). The question of subject matter jurisdiction can never be waived nor can jurisdiction be

---

[1] Movant has requested oral argument on its motion to dismiss. Before the Court discovered that it lacked jurisdiction over this matter the Court had concluded that the motion to dismiss was without merit and should be denied without oral argument.

conferred by consent, default, or mere reticence of the parties. *Id.* (*citing* C. Wright A. Miller & E. Cooper, Fed. Prac. & Pro. § 3522 (1984)).

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

Turning now to the instant case, it is not facially apparent from the state court petition that the amount in controversy exceeds $75,000.00. Inflammatory adjectives such as "severe" are often used loosely in pleading causes so they are not particularly probative of federal jurisdiction. The petition offers no specifics whatsoever that would allow the Court to even remotely determine an amount in controversy for Plaintiff's claim. Plaintiff does seek numerous elements of damages, including statutory penalties and attorney's fees, but these potential awards will be based on Plaintiff's underlying claim for damages. A claim for penalties and attorney's fees does not ipso facto render a case removable to federal court.

Likely recognizing the absence of facial apparency with respect to the petition, GeoVera goes to great lengths in its notice of removal to persuade the Court that the amount in controversy exceeds $75,000.00. For instance, GeoVera points out that the applicable limits on the homeowner's policy at issue more than exceed the $75,000.00 jurisdictional threshold. But the policy limits do not set the amount in controversy for this case because nothing suggests that Plaintiff is seeking the policy limits. In fact, Plaintiff's property damage claim is about

$42,000.00. GeoVera posits that Plaintiff's case could involve another $36,000.00 of extra-contractual damages because of the claim for penalties and attorney's fees. This quantum is entirely too speculative to form the basis for federal jurisdiction. Federal jurisdiction cannot be grounded on supposition and assumptions. The motions to remand that this Court was called upon to consider in conjunction with Hurricanes Katrina and Rita were legion, and the Court's experience with those motions convinces this Court that it is without jurisdiction over this case.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that this matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

June 20, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE